Daniel McCallister, Adm'r, *v.* A. L. Symones, etc.

**Fraudulent Conveyances—Recitals of Deed.**

Where there is no charge of fraud, the conveyance, as between strangers, will be sustained; but if fraud is charged the recitals in the deed can not alone be relied upon to sustain its validity as against third persons.

**Pleading—General Traverse—Admission.**

Where a cross-petition alleges that defendant failed to take possession of the property or list it for taxation, a general traverse of such allegations, without any affirmative statements. is equivalent to admission of the truth of the statements made in the petition.

APPEAL FROM LOUISVILLE CHANCERY COURT.

March 22, 1873.

Opinion by Judge Pryor:

The evidence conduces to show that the mortgage was left with the clerk in order that he might thereafter take the acknowledgment of Mrs. Stennan. This accounts for its having been deposited with the bundles of unrecorded deeds, etc.

We can not concur with the chancellor, however, in his dismissal of the appellant's action. The cross-petition charged that the deed

from Stennan to Symones was voluntary and fraudulent, and the burden of proof was on the appellee to show that the consideration alleged to have been paid was in fact received by Stennan, or in other words, that it was a bona fide conveyance. Where there is no charge of fraud the conveyance as between the parties, and as to strangers will be sustained, but where fraud is charged the recitals in the deed can not be alone relied on to sustain its validity as against third parties. *Edwards v. Ballard,* 14 B. Mon. 233; *Whitaker v. Garnett,* 3 Bush 402.

The deed for this property in controversy expresses the consideration of one dollar and in order to sustain it a bond is filed with the answer executed three years previous to the execution of the deed between the same parties, acknowledging the consideration of fourteen hundred dollars in cash paid for the property. Although the execution of this bond is proven, still its recitals, if regarded as evidence, are not conclusive as against the appellant, but on the contrary under the pleading and proof, in this case is entitled to but little weight.

The deed made three years after the execution of this bond expresses the consideration only of one dollar in hand paid and it is a little remarkable, to say the least of it, that with a consideration of $1,400, paid as stated in the bond, a deed should have been accepted reciting only this nominal consideration. It seems also from the evidence that the appellees was in no such pecuniary condition as to enable him to make investments in real estate, without ever taking possession of it or asserting any claim whatever until this suit was instituted.

The cross-petition alleges that he failed to take possession of the property or list it for taxation, and the answer denies that he failed to take possession or failed to list for taxation, and makes no affirmative statements whatever in regard to it.

Such a response by the defendant is equivalent to an admission of the truth of the statements made in the petition and constituted no defense. It is also shown that other business transactions existed between Stennan and the appellees and that a mortgage had been executed to the appellees in order to secure them in other moneys.

Stennan was in failing circumstances, and the appellees in no condition to be so liberal with his means as to invest his money in this

way; and when the charge of fraud is directly made, and evidence taken to sustain it, content himself with the alleged recitals in the deed and bond alone as proof of the consideration paid.

The judgment of the court below is reversed and cause remanded with directions to enforce the lien of the appellant as against the appellee upon the property, and to annul the deed as fraudulent, and for further proceedings consistent with this opinion.

*Harrison, for appellant.*

*Pirtle & Caruth, for appellees.*